FILED

Mar 25  11 35 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

RICHARD E. CUMMING
Plaintiff

- against -                                CIVIL NO. 3:03 CV 0352 GLG

SHARON HALE
Defendant

                                           MARCH 23, 2004
-----------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO COURT'S SUA SPONTE ORDER TO SHOW CAUSE

On March 10, 2004, Magistrate Judge Garfinkel ordered *sua sponte* the Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Title 28 at §1332(a) provides that: "The district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000 . . . ". The Plaintiff, RICHARD E. CUMMING, seeks a partition of real property of which he is a joint owner (Count One). The question is therefore whether or not the partition of property (with a value of *at least* $300,000) satisfies

the §1332(a) amount in controversy requirement.

This is an action for partition of real property pursuant to General Statutes §52-495 et seq. Connecticut law permits a court "upon the complaint of any person interested, [to] order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail". General Statutes §52-495. See also §52-500. The court may order a partition by sale or in kind. Fernandes v. Rodriguez, 54 Conn. App. 444 (1999).

Mr. Cumming is a co-owner of the property sought to be partitioned. This is not in dispute.[1] If the court orders a sale, he will recover net proceeds equal to one-half of the value of the real property.[2] That amount would be over $100,000 and probably closer to $200,000 (or more). If there is an in-kind partition, Mr. Cumming will recover physical property worth the same (or a similar amount). Either way, whether by cash or real property, it exceeds $75,000.

## 28 USC §1332(a)

Section 1332(a) of Title 28 of the United States Code provides that: "The district courts shall have original jurisdiction of all civil actions where the matter in

---

[1] Summary judgment previously entered on liability.
[2] The court, U.S.M.J. Garfinkel has the parties' appraisals and is requested to take judicial notice that the value of the land exceeds $300,000 *at a minimum*.

controversy *exceeds the sum or value* $75,000 . . . ".

As noted, the "sum or value" at issue here exceeds $75,000 whether it is expressed as the value of the real property or the proceeds of a court-ordered sale.

## PARTITION ACTION

The Plaintiff was unable to find any partition cases where jurisdiction was an issue. There are many examples, however, of how the amount in controversy requirement is calculated in equitable actions and those involving real estate.

(A) <u>Declaratory or Injunctive Actions</u>

Dating back to 1862, our Supreme Court has held that the "value of the object" governs the amount in controversy requirement. <u>Mississippi & Missouri RR v. Ward</u>, 67 US 485, 492, (1862). <u>Ward</u> involved a steamboat owner's suit for the abatement of a nuisance – a bridge. The Supreme Court denied the jurisdictional challenge, "as the removal of the obstruction is the matter of controversy, and the value of the object must govern". <u>Id</u>. at 492.

(B) <u>Specific Performance, Quiet Title and Condemnation Action</u>

As with declaratory and injunction actions, specific performance, quiet title and condemnation actions meet the amount in controversy requirement based

on the value of the property at issue.  See e.g. Groves v. Rogers, 547 F2d 898 (5th Cir. 1977); Greenfield v. U.S. Mortgage Co. of Scotland, 133 F. 784, 788 (E.D. Ark. 1904) *citing* Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co., 43 Fed. 545; Peterson v. Sucro, 93 F. 2d 878, 881-82 (E.D.N.C. 1938) (". . . the amount in controversy is the value of the whole of the real estate to which the claim extends . . . [as regards quiet title and ejectment actions].")

**THIS ACTION**

As noted, what is at issue here is Mr. Cumming's right to one-half of the value of the commonly owned property.  He seeks to protect his absolute right to one-half of the value of that property whether in cash or in kind. As noted by our Supreme Court:  "The relief sought is the protection of that right, now and in the future, and the value of that protection is determinative of the jurisdiction." Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 US 121, 126 (1915) (Upholding the amount in controversy requirement in an injunction case).

Accordingly, this court has diversity jurisdiction.

THE PLAINTIFF

By _/s/ Christopher G. Winans_
Christopher G. Winans, Esquire
P.O. Box 2809
Danbury, CT 06813-2809
Tel: 203.748.4888
Federal Bar No. ct02254

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed March 23, 2004 via first class mail to all counsel of record and pro se parties as follows:

Sharon McCarthy Hale
984 Racebrook Road
Woodbridge, CT 06525

U.S.M.J. William I. Garfinkel
US District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

Clerk
US District Court
141 Church Street
New Haven, CT 06510

By _/s/ Christopher G. Winans_
Christopher G. Winans