UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD E. CUMMING

    PLAINTIFF

V.

SHARON McCARTHY HALE

    DEFENDANT



CIVIL ACTION NO.

303CV0352 JBA

December 15, 2004

## DEFENDANT'S TRIAL MEMORANDUM

In accordance with Judge Arterton's Scheduling Order dated November 30, 2004, and received by Defendant on December 7, 2004, and in accordance with Judge Goettel's Separate Pretrial Memorandum dated August 15, 2003 (attached), the Defendant herewith submits the required Separate Pretrial Memorandum.

(1)    TRIAL COUNSEL:  Sharon McCarthy Hale
                                  Pro Se
                                  984 Racebrook Road
                                  Woodbridge, Ct. 06525
                                  (203) 795-9335

(2)    JURISDICTION:    The Defendant has continuously questioned whether the U.S. DISTRICT COURT has standing in a matter of probate and partition. This case has not been before Connecticut Probate or Superior Courts.

(3) JURY/NON-JURY: Defendant requested Constitutional right to a jury trial in a timely and correct manner. Judge Goettel denied the request.

(4) LENGTH OF TRIAL: Three days.

(5) FURTHER PROCEEDINGS: Before the Court are a Motion for Forced Sale by the Plaintiff and a Motion for Partition in Kind with Accounting by the Defendant. There is the possibility of an appeal of the Court ruling on these motions.

(6) NATURE OF CASE: (see attached Defendant's summary)

(7) TRIAL BY MAGISTRATE JUDGE: The Defendant will not consent to a waiver of appeal rights.

(8) LIST OF WITNESSES: (1) Susan Stein, Arbor Appraisals, (203) 929-7270. Testimony: value of property (2) Douglas Lompert (Registered Certified General Appraiser) 1339 Litchfield Road, Watertown, Ct. (860) 945-0874 Testimony: value and condition of real property (3) Sharon Hale

EXHIBITS:

500 - Subdivision Survey of real property

501 - Appraisal of Real Property

502 - Inspector's Report of necessary repairs neded for house sale

503 - List of maintenance and repairs borne entirely by Defendant

504 - List of taxes and expenses borne entirely by Defendant

505 - Automoble title, registration, tax, and license receipts

506 - Moira McCarthy Cumming Living Trust

507 - E-Mail correspondence between Defendant and Plaintiff

508 - Plaintiff's Attorney's correspondence to Defendant

509 - Lists of costs involved in sale of property

(9)    STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW: The State has long favored Partition by Kind or physical division over Partition by Sale. <u>Giulietti v. Giulietti. 784 A.2d 905</u> (Conn. App. 2001). In cases where the State has decided in favor of Partition by Sale, proponents of Partition by Sale over Partition in Kind must demonstrate that two conditions are met, namely, that physical attributes are such that a Partition in Kind is impractical, and that interests of BOTH owners would be better promoted by Partition by Sale. <u>Borzenski v Estate of Stakum. 489 A. 2d 341</u> (Conn. 1985).

(10)   OBJECTIONS: Any objections by the Defendant will be dependent upon receipt and review of the Plaintiff's Separate Trial Memorandum.

Sharon Mc Carthy Hale
Pro Se
984 Racebrook Rd.
Woodbridge, CT 06525
(203) 795-9335

## DEFENDANT'S SUMMARY

It is the Defendant's (Sharon Hale) perception that the Plaintiff (Richard Cumming), her deceased sister's husband of 40 years, has been and is attempting to use the Federal Court (having bypassed Connecticut Probate and Superior Courts original jurisdiction) to intimidate and coerce her (as executrix) into (1) disregarding her responsibilities as executrix to ensure the proper distribution of estate assets according to her parents' and sister's wishes, and ensuring payment of appropriate taxes, and (2) to agreeing for a quick sale of the entire real property at whatever price, which is NOT IN MRS. HALE'S BEST INTERESTS.

This lawsuit was initiated by Plaintiff four months after his wife's death and six weeks after the Defendant was appointed executrix. It should also be noted that the Plaintiff has contributed no effort and zero financial support to the maintenance, upkeep, repairs, taxes etc., to the estate although he controls, without supervision, Mrs. Cumming's share of the estate personal property through her Living Trust ($150,000).

It is the Defendant's perception that the principal issue in this lawsuit, is and has been, the MODE OF PARTITION of the Woodbridge real estate. Mr. Cumming is demanding forced sale or buyout, on his terms, of the McCarthy seven and one half acres family home of 50 years. He refuses to consider any alternative. Mrs. Sharon McCarthy Hale is seeking partition in kind into two parcels as provided for in the subdivision survey (attached), appraisal (attached), and applicable case law (attached), which would allow her and Mr. and Mrs's McCarthy's grandsons to retain the family home where she grew up and has resided for the past seven years. This was Mr. and Mrs. McCarthy's hope and intent. Mr. Cumming's buyout terms are unreasonable and not feasible. A partition in kind into two parcels is feasible, practical, desirable, and in accordance with case law. Expert opinion is that Mr. Cumming could sell his parcel immediately.

A second issue, not included in the agenda, but must be resolved for solution of the dispute, is that Mrs. Hale, as sole executrix of the McCarthy estate, has not filed the Certificates of Devise to the land records office, a necessary action for distribution of the real property. As executrix, Mrs. Sharon McCarthy Hale is retaining this remaining estate asset because:

(1) Mr. Cumming went on record that he will accept no responsibility for a pending IRS resolution of income taxes owed by Mr. and Mrs. McCarthy prior to their deaths, thus leaving Mrs. Hale (the executrix) with total liability.

(2) Mr. Cumming is preventing the executrix (Mrs. Hale) from any access with Mrs. Cumming's Dallas attorney (Mr. Dicus) and financial advisor (Mr. Regan), neither of whom will cooperate, which the executrix needs in order to clarify and resolve several concerns in this matter.


## SOLUTION

(1) For the record and posterity, Mrs. Cumming's Dallas attorney (Mr. Dicus) and financial advisor (Mr. Regan) must provide the executrix (Mrs. Hale) with affidavits that the will and Living Trust, personally probated by Mr. Cumming, is correct and the most current, and not an inadvertent filing of an earlier will by the Plaintiff.

(2) A PARTITION IN KIND, as clearly called for by the attached (1) survey, (2) appraisal, and (3) case law, thus allowing Mr. and Mrs. McCarthy's daughter and grandsons to hold and enjoy the Woodbridge family home of 50 years.

Attorney Frederick D. Stanek
May & Stanek

August 10, 2000
Page 2

**LOCATION DESCRIPTION:** The subject property is located in the southwestern corner of Woodbridge in close proximity to the Woodbridge-Orange town line. Route 114 (Racebrook Road) and the Wilbur Cross Parkway traverse the neighborhood. Properties along the subject street generally suffer from increased traffic and road noise. The area has a mixture of single family styled houses. The overall level of maintenance is rated average.



**TOWN ASSESSMENT AND TAXES:**

| Land: | $94,600 |
|---|---|
| Improvements: | $63,350 |
| Total: | $204,800 |

| Mil Rate 1999 List Year: | 31.59 |
|---|---|
| Revaluation Date: | 1991 |
| Current Annual Tax: | $6,469.63 |

**HIGHEST AND BEST USE:** Split the parcel into two properties as shown on the attached map. The highest and best use is estimated as the present use of the front parcel as a single-family house and future development of the rear parcel with a single-family house.

*[handwritten: 7½ acres]*

**EXPOSURE PERIOD:** Exposure time is defined by the Appraisal Foundation as "the estimated length of time the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal; a retrospective estimate based upon an analysis of past events assuming a competitive and open market."¹ Properties similar to the subject tend to sell within a three to six-month marketing period if an experienced broker offers them for sale at or near the appraised value.

**RECONCILIATION AND VALUE CONCLUSION:** Although the subject property has not yet been split into two parcels, the division of the parcel represents the highest and best use of the property. In order to form an opinion of market value the house located on 1.47 acres was valued separately from the potential building lot containing 5.87 acres. Attached you will find a LAND APPRAISAL REPORT and a UNIFORM RESIDENTIAL APPRAISAL REPORT. The indicated value for the lot was $110,000 and the indicated value for the front lot with improvements was $190,000. The adjustment for acquiring the approvals was made in the report.

Based upon the available information, my opinion of market value of the fee simple title of the property retrospective to January 9, 2000 is

**THREE HUNDRED THOUSAND DOLLARS**
**$300,000**

Respectfully submitted,

Vincent J. Guardiano
Certified General Appraiser
Connecticut License No. RCG.260

Attachments:  Photographs
              Survey Map
              Land Appraisal Report



# Who is Who

```
              John and Marion McCarthy, Woodbridge CT
                   (Both died in 2000 at age 92)
         ┌──────────────────────┴──────────────────────┐
William and Sharon Hale -DEFENDANT      Moria and Richard Cumming - PLAINTIFF
(Texas, now Woodbridge, CT)                        Dallas, Texas
                            Sharon Hale and      (Moria died June 26, 2002)
                            Moria Cumming
                            are Sisters
    ┌─────────┬─────────┐
  Tim Hale   Paul Hale                               No Children
     (Grandsons)
```

# BACKGROUND

The Plaintiff (Mr. Cumming) was married to the Defendant's (Sharon McCarthy Hale) sister for nearly 40 years. During this entire time, there were never any falling outs or hard feelings between the two families. The relationship can best be quickly summed up by noting that Mr. and Mrs. Cumming were designated and accepted the responsibility to be guardians and raise Mr. and Mrs. Hale's two children if it ever became necessary. Frequent companionship and a congenial and friendly atmosphere was always present in the relationship.

In 1996, at the request of the then 88 year old father (Mr. McCarthy), Mr. and Mrs. Hale moved from Texas to Connecticut. ( Mr. Hale had retired. Mrs. Hale gave up a secure and well paying employement) to assist Mr. McCarthy in the care of the ill Mrs. McCarthy and be company to the lonely father. Mr. and Mrs. McCarthy both died in 2000 at the age of 92. His will (part of which is attached) left both daughters as co-heirs and co-executors and clearly indicates Mr. McCarthy's concern for his grandsons. All decisions regarding the estate were handled jointly, co-signed, and in complete agreement by the two sisters. Mr. Cumming was not a party in these matters.

In the summer of 2000, Mrs. Cumming was diagnosed with colon and liver cancer. Mrs. Hale cooperated in every possible manner to assist and comfort Mr. and Mrs. Cumming in this situation. Probate of the McCarthy estate was being held up pending resolution of a severe injury litigation against the estate from an automobile accident faulted to Mr. McCarthy. Even so, at Mrs. Cumming's request, estate personal property was divided with her half to be placed by her in her Living Trust to be available for care costs over insurance. The real property was listed with a realtor in order to facilitate a sale when probate could be closed and if Mrs. Cumming was in need of additional resources for long term care. As her condition deteriorated, Mrs. Cumming adamantly told Mrs. Hale on a number of occasions (in person and by telephone) that inherited McCarthy assets were being placed in a Living Trust that was to be returned to the grandsons after her expenses over insurance were paid. This was being arranged by an "expert" financial advisor from Raymond James Corporation (Mr. Regan) and a "highly qualified" attorney (Mr. Dicus) who was a friend of and recommended by Mr. Cumming. Mr. Cumming would receive Mrs. Cumming's substantial personal assets and insurance as well as his own personal assets. On December 3rd, 2001, Mrs. Cumming stated by telephone to Mrs. Hale that she and witnesses were on their way to sign the will and trust.

Mrs. Cumming passed passed away on June 26th, 2002.
Mrs. Hale received Probate Decree on July 11th, 2002. (John McCarthy Will)
Mrs. Hale became sole executrix August 28th, 2002. (John McCarthy Estate)
Immediately after Mrs. Cumming"s death, Mr. Cumming became demanding, overbearing, and unreasonable regarding the disposition of the real property. His out of character harrassing can be exampled by the following e-mails attached:

"You must sell immediately".
"If you remain on the property, you must pay rent".
"I can disolve the trust with a stroke of the pen".
"I cannot and will not allow this situation to fester".
"I must get the lawyers involved even though it will be expensive". (4 months after Mrs Cumming's death)

At this point in time (Dec, 2003) Mrs. Hale has not issued the Certificates of Devise to the land records because:

(1) An unresoved IRS problem has arisen regarding Mr. and Mrs. McCarthy's joint income tax returns prior to their deaths.
(2) Mr. Cumming's rush to sell at whatever price, out of character behavior to his sister-in-law, and questionable will and trust documents have caused the executrix to require attested confirmation from Mr. Dicus and Mr. Regan (neither of whom will cooperate) that these are the correct and current documents and reflect Mrs. Cumming's wishes.
(3) Mr. Cumming has filed a lawsuit against Mrs. Hale in U.S. District Court to force the sale of the real property. Mrs. Hale has requested a Jury Trial. (refused) according to survey and appraisal. (sub division partition, partition in kind)

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed December 15, 2004 via first class mail to counsel of record as follows:

Christopher Winans

100 Mill Plain Road

P.O. Box 2809

Danbury, Ct. 06813-2809

*Sharon McCarthy Hale*
*Pro Se*
*784 Racebrook Rd*
*Woodbridge, Ct 06525*
*(203) 795-9335*