FILED

2004 DEC 16  A 11: 13

U.S. DISTRICT COURT
NEW HAVEN CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X

RICHARD E. CUMMING
    Plaintiff

- against -

SHARON HALE
    Defendant

CIVIL NO. 3:03 CV 0352 JBA

DECEMBER 15, 2004

------------------------------------------------------X

## PLAINTIFF'S TRIAL MEMORANDUM

1.    Trial Counsel:        Christopher G. Winans, Esquire
                                   100 Mill Plain Road, 4th Floor
                                   Danbury, CT 06811
                                   Tel: 203.748.4888
                                   Email: cgwinans@aol.com

2.    Jurisdiction: Diversity with the amount in controversy exceeding $75,000.

3.    Jury/Non-Jury: This is a non-jury case.

4.    Length of Trial: One (1) full day.

5.    Further Proceedings: None are contemplated by the Plaintiff.

6.    Nature of the Case: This is an action for partition of real property with pendant claims for money damages. Summary judgment entered on liability on the partition claim. This court, in equity, must determine the property for a sale or in-kind partition. The pendant claims are for unjust enrichment and conversion.

7.    Trial by Magistrate Judge: The Plaintiff is agreeable to a Magistrate Judge other than Judge Garfinkle who should be disqualified as he has conducted numerous settlement conferences.

8. Witnesses:

   a. Richard Cumming of Dallas, Texas will testify as to his claims on liability and damages.
   b. Susan Stein of Watertown, Connecticut will testify as to the value of the real property.
   c. Douglas Lampert of Watertown, Connecticut will testify as to the value of the real property.
   d. Sharon Hale of Woodbridge, Connecticut will testify as to liability and damages including the value of the property.

9. Exhibits:
   a. Will of John McCarthy.
   b. Will/Trust of Moira Cumming.
   c. Survey of Racebrook Road property.
   d. Probate court file for John McCarthy.
   e. Probate court file for Moira Cumming.
   f. D.A.L. Appraisals appraisals.
   g. Title search.
   h. Listing agreement of August 5, 2002.

## PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW

1. The Plaintiff adopts his Rule 9 statement from his summary judgment motion.

2. Cumming, by virtue of his wife's will, owns a one-half (1/2) interest in the "family" property known as 984 Racebrook Road, Woodbridge, Connecticut ("Racebrook" or "property"). Racebrook is comprised of two parcels: the "house" parcel in which the Defendant and her family reside, and the adjoining "land" parcel. The house parcel is on 1.5 acres±.

3. The two parcels, if sold *together*, are worth $415,000. If sold separately, they are worth about $375,000 for the house and about $250,000 for the

land.

4. The property being separate parcels, is amenable to a physical partition provided a monetary adjustment is made to the party who receives the land (as opposed to the house). Cumming desires neither parcel; Hale desires the house.

5. Recognizing that the house is of greater value than the land, Hale must pay any differential between the fair market value of the house and the land. That amount is [as of this writing] about $75,000.

**PENDANT CLAIMS**

1. Cumming is entitled to his share of stock ("stock") and a 1998 Ford Explorer ("Ford)".

2. Hale has used the Ford since it was acquired and has paid no rent for its use. Similarly, she has retained the stock since her sister's death and not distributed it to its owner, the Plaintiff.

3. Cumming is entitled to the fair market value of the Ford as of the time of his wife's death less the payment of property taxes.

4. Cumming is entitled to either the value of the stock at the time of trial or the stock itself, as well.

**REAL ESTATE ADJUSTMENTS**

1. Hale has lived in the house property rent-free since her sister's death. As with the Ford, Cumming is entitled to an adjustment up for the fair market

value of his one-half (1/2) interest in the house less bona fide expenses (e.g. taxes, repairs, etc.).

## PARTITION

Pursuant to General Statutes §52-500(a), "[a]ny court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale would better promote the interests of the owners." Partition may be either *in kind*, i.e. a physical split or by *sale*. Giulietti v. Giulietti, 65 Conn. App. 813, 851 (2001) *cert den* 258 Conn. 946 and 947. The choice of remedy is within the discretion of the trial court. Id.

Once the mode of partition is decided, the court then turns its attention to the distribution of proceeds (in a sale) or to other adjustments in equity. See, e.g. Fernandes v. Rodriguez, 255 Conn. 47, 59-61 (2000) ("Although each party was the owner of an undivided one-half interest in the real property, it does not follow that he or she will necessarily be entitled to equal shares of the moneys obtained from the sale. Equities must be considered and, if established, must be liquidated before distribution is ordered." Id. at p. 60 quoting Levay v. Levay, 137 Conn. 92, 96 (1950).

Here, equitable adjustments must be made for the difference in value between the two parcels and the Defendant's use of the Plaintiff's one-half (1/2) interest in the house parcel rent free since Moira Cumming's death.

## UNJUST ENRICHMENT

Unjust enrichment applies whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on a contract. The doctrine is based on the postulate that it is contrary to equity and fairness for a Defendant to retain a benefit at the expense of a Plaintiff. Gagne v. Vaccaro, 255 Conn. 390, 401 (2001).

## CONVERSION

Conversion is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. Label Systems Corp. v. Aghamohammdi, 270 Conn. 290, 329 (2004).

                                    THE PLAINTIFF

                                    By_____/s/_____
                                    Christopher G. Winans, Esquire
                                    100 Mill Plain Road, 4th Floor
                                    Danbury, CT 06811
                                    (203) 748-4888
                                    Federal Bar No. ct02254

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed December 15, 2004, via first class mail to all counsel of record and pro se parties as follows:

Sharon McCarthy Hale
984 Racebrook Road
Woodbridge, CT  06525

By_____
Christopher G. Winans