UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

JUN 13  4 22 PM '05

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| RICHARD E. CUMMING | |
| PLAINTIFF | CIVIL ACTION NO. |
| V. | 3:03 CV 0352 JBA |
| SHARON MCCARTHY HALE | June 13, 2005 |
| DEFENDANT | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S RENEWED MOTIONS FOR PARTITION BY SALE AND FOR EARLY TRIAL ASSIGNMENT

**(1)** The Defendant, Sharon McCarthy Hale, objects to renewal of the motion for Partition by Sale. The State has long favored Partition by Kind or physical division over Partition by Sale (Giulietti v. Giulietti .784 A.2d 905 (Conn. App, 2001). In cases where the State has decided in favor of Partition by Sale, proponents of Partition by Sale over Partition in Kind must demonstrate that two conditions are met, namely, that physical attributes of the land are such that a Partition in Kind is impractical, and that interests of BOTH owners would be better promoted by a Partition by Sale. Borzenski v. Estate of Statkum . 489 A. 2d 341 (Conn. 1985). The real estate has already been subdivided into two parcels (land survey and appraisals are in possession of the Court), and the best interests of the Defendant clearly lie with retaining the family homestead of 50 years in Woodbridge for the continued use of the surviving McCarthy daughter and future use by her sons, the McCarthy's grandchildren. The Defendant, Mrs. Hale, has stated this on numerous occasions in her filings with the Court and when she has communicated with Judge Garfinkel. The Defendant and family have resided in the family homestead for the last nine years, first assisting the elderly Mr. and Mrs. McCarthy and then maintaining the Estate while the Plaintiff, widower of the other McCarthy daughter, unwaveringly demanded Partition by Forced Sale or unreasonable and illegal buyout terms for 28 months.

In the matter at hand, Partition by Sale is clearly not in the interest of Defendant. Moreover, Plaintiff is not able to show that Partition in Kind is impractical. As such, Defendant opposes Plaintiff's motion for Partition by Sale, and moves for Partition in Kind with adjustment by accounting (7. R. Powell Real Property (1977) 607 (3).

(2) The Defendant, Sharon McCarthy Hale, objects to the renewed motion for Early Trial Assignment. The Defendant feels that rushing to a premature trial prior to resolving as many issues as feasible and narrowing those remaining through discussion, negotiation, and stipulation (e.g. Partition by Sale or Partition in Kind with Accounting ?, Appraisal Values ?, Selling Costs ?, and Damages ?) will result in a trial of accusations, counter accusations, frantic searches for rebuttal witnesses, and a general atmosphere of chaos. The Plaintiff ignores that during the past two and one half years that he has steadfastedly pursued his quest for forced sale, the Defendant has paid all taxes, repairs, maintenance, upkeep, and other expenses of the Estate. The Plaintiff has contributed zero effort and zero financial support, even though he controls, unsupervised, a $150,000 Estate Trust Fund. The Defendant is prepared to support claims for reimbursement with receipts and expert testimony, and refute Plaintiff's claims with documentation and expert testimony.

(3) As stated in numerous filings, the Defendant feels this lawsuit, filed four months after Mrs. Cumming's death and bypassing Connecticut Probate and Superior Courts was, and is, unnecessary, unjustified, and inappropriate.

Sharon Mc Carthy Hale
Pro Se
984 Racebrook Rd.
Woodbridge, Ct. 06525
(203) 795-9335
June 13, 2005

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed June 13, 2005 via first class mail to counsel of record as follows:

Christopher Winans

100 Mill Plain Road

P.O. Box 2809

Danbury, Ct. 06813-2809


Sharon McCarthy Hale
Pro Se
984 Racebrook Road
Woodbridge, Ct. 06525
(203) 795-9335
June 13, 2005

# Who is Who



# **BACKGROUND**

The Plaintiff (Mr. Cumming) was married to the Defendant's (Sharon McCarthy Hale) sister for nearly 40 years. During this entire time, there were never any falling outs or hard feelings between the two families. The relationship can best be quickly summed up by noting that Mr. and Mrs. Cumming were designated and accepted the responsibility to be guardians and raise Mr. and Mrs. Hale's two children if it ever became necessary. Frequent companionship and a congenial and friendly atmosphere was always present in the relationship.

In 1996, at the request of the then 88 year old father (Mr. McCarthy), Mr. and Mrs. Hale moved from Texas to Connecticut. ( Mr. Hale had retired. Mrs. Hale gave up a secure and well paying employement) to assist Mr. McCarthy in the care of the ill Mrs. McCarthy and be company to the lonely father. Mr. and Mrs. McCarthy both died in 2000 at the age of 92. His will (part of which is attached) left both daughters as co-heirs and co-executors and clearly indicates Mr. McCarthy's concern for his grandsons. All decisions regarding the estate were handled jointly, co-signed, and in complete agreement by the two sisters. Mr. Cumming was not a party in these matters.

In the summer of 2000, Mrs. Cumming was diagnosed with colon and liver cancer. Mrs. Hale cooperated in every possible manner to assist and comfort Mr. and Mrs. Cumming in this situation. Probate of the McCarthy estate was being held up pending resolution of a severe injury litigation against the estate from an automobile accident faulted to Mr. McCarthy. Even so, at Mrs. Cumming's request, estate personal property was divided with her half to be placed by her in her Living Trust to be available for care costs over insurance. The real property was listed with a realtor in order to facilitate a sale when probate could be closed and if Mrs. Cumming was in need of additional resources for long term care. As her condition deteriorated, Mrs. Cumming adamantly told Mrs. Hale on a number of occasions (in person and by telephone) that inherited McCarthy assets were being placed in a Living Trust that was to be returned to the grandsons after her expenses over insurance were paid. This was being arranged by an "expert" financial advisor from Raymond James Corporation (Mr. Regan) and a "highly qualified" attorney (Mr. Dicus) who was a friend of and recommended by Mr. Cumming. Mr. Cumming would receive Mrs. Cumming's substantial personal assets and insurance as well as his own personal assets. On December 3rd, 2001, Mrs. Cumming stated by telephone to Mrs. Hale that she and witnesses were on their way to sign the will and trust.

Mrs. Cumming passed passed away on June 26th, 2002. *Mr Cumming personally probated will dated June 2001*
Mrs. Hale received Probate Decree on July 11th, 2002. *(McCarthy Estate)*
Mrs. Hale became sole executrix August 28th, 2002. *(McCarthy Estate)*

Immediately after Mrs. Cumming"s death, Mr. Cumming became demanding, overbearing, and unreasonable regarding the disposition of the real property. His out of character harrassing can be exampled by the following e-mails attached:

> "You must sell immediately".
> "If you remain on the property, you must pay rent".
> "I can disolve the trust with a stroke of the pen".
> "I cannot and will not allow this situation to fester".
> "I must get the lawyers involved even though it will be expensive".

At this point in time (May, 2005) Mrs. Hale has not issued the Certificates of Devise to the land records because:

(1) An unresoved IRS problem has arisen regarding Mr. and Mrs. McCarthy's joint income tax returns prior to their deaths. *Mrs Hale, executrix, responsible for resolving*

(2) Mr. Cumming's rush to sell at whatever price, out of character behavior to his sister-in-law, and questionable will and trust documents have caused the executrix to require attested confirmation from Mr. Dicus and Mr. Regan (neither of whom will cooperate) that these are the correct and current documents and reflect Mrs. Cumming's wishes.

(3) Mr. Cumming has filed a lawsuit against Mrs. Hale in U.S. District Court to force the sale of the real property. Mrs. Hale has requested a Jury Trial. *(Denied by Judge Goettel)* *(4 months after death of Mrs Cumming, bypassing state Probate and Superior Courts)*