UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2005 AUG 15 A 10: 02
U.S. DISTRICT COURT
NEW HAVEN, CT

RICHARD E. CUMMING

    PLAINTIFF

V.

SHARON MCCARTHY HALE

    DEFENDANT

**CIVIL ACTION NO.**

**303CV0352 JBA**

**AUGUST 15, 2005**

### DEFENDANT'S SUPPLEMENTAL SEPARATE TRIAL MEMORANDUM

In accordance with Judge Arterton's Pre Trial directions of July 27, 2005, and in accordance with Judge Goettel's Separate Pre Trial Memorandum dated August 15, 2003 (attached), the Defendant herewith submits the required Separate Supplemental Pre Trial Memorandum. Specific directions to the Defendant by Judge Arterton were: (1) Define "accounting" in regards to "giving an accounting" in partition cases in order to achieve equal value of the two parcels. (2) Address the "probate exception" to federal jurisdiction in this case. (3) Cite case law regarding "selling costs" to achieve equal value of the two parcels. (4) Submit proposed findings of fact and proposed conclusions of law.

The results of these requirements are incorporated into the body of the memorandum under the appropriate headings. It should be noted that the Defendant and the Plaintiff's attorney, and Judge Garfinkel concur that a settlement is imminent and will be accomplished prior to August 30th.

(1) TRIAL COUNSEL: Sharon McCarthy Hale

    Pro Se

    984 Racebrook Road

    Woodbridge, Ct. 06525

    (203) 795-9335

(2) JURISDICTION:

    Scope of Probate Exception: Federal courts construe the meaning of "probate" quite narrowly, thus limiting the scope of the exception. The probate exception is not a "hard and fast" jurisdictional rule. Rather, federal courts have manifested a certain degree of willingness to find the exception inapplicable. The precise scope of the probate exception has not been clearly defined.
    MOORE'S FEDERAL PRACTICE S 102.92 1,2,3 (excerpts)

(3) JURY/NON - JURY: Defendant requested Consitutional right to a jury trial in a timely and correct manner. Judge Goettel denied the request.

(4) LENGTH OF TRIAL: One Day

(5) FURTHER PROCEEDINGS: Dependant on the ruling on the Plaintiff's Settlement by Stipulation Motion before the Court.

(6) NATURE OF CASE: This is an action for Partition of Real Property

(7)  TRIAL BY MAGISTRATE: The Defendant will not consent to a waiver of appeal rights.

(8)  LIST OF WITNESSES: (1) Sharon Hale will testify to value and condition of the land and house, and accounting expenses.

EXHIBITS:

500 - Inspector's Report of necessary repairs needed for house sale

501 - List of maintenance and repairs borne entirely by the Defendant

502 - List of taxes and expenses borne entirely by the Defendant

503 - Moira McCarthy Cumming Living Trust

(9)  STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:

Under the current situation of imminent settlement, the Defendant submits as follows:

ACCOUNTING: Every partition action includes a final accounting for both charges and credits upon cotenants interests.... Credits include expenditures in excess of the cotenants fractional share for necessary repairs, improvements that enhance the value of the property, taxes, payments on mortgage, insurance, and amounts expended in protecting and preserving title. POWELL ON REAL PROPERTY 50.07 (6) (excerpts)

DETERMINATION OF VALUE: In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E & F Realty Co. v. Commisioner of Transportation, 173 Conn. 247, 253. 377 A.2d, 302 (1977). Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgement of the trial judge. Moss v. New Haven Redevelopment Agency, 146 Conn. 421. 425, 151 A.2d 693 (1959). " The determination of what equity requires in a particular case . . . is a matter for the discretion of the trial court." Kakalik v. Bernardo, 184 Conn. 386, 395,439 A.2d 1016 (1981).

SELLING COSTS CASE LAW: There is no specific case law regarding "selling costs". The Defendant's supposition is that these costs are included in accounting and the trial judge's determination of value.

(10)  OBJECTIONS:   Any objections by the Defendant will be dependent upon receipt and review of the Plaintiff's Separate Supplemental Trial Memorandum.

*Sharon Mc Carthy Hale*
*Pro Se*
*984 Racebrook Rd.*
*Woodbridge, Ct. 06525*
*(203) 795-9335*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
RICHARD E. CUMMING
  Plaintiff

- against -

SHARON HALE
  Defendant
------------------------------------------------X

CIVIL NO. 3:03 CV 0352 GLG

AUGUST 5, 2003

## MOTION FOR PERMISSION TO FILE SEPARATE PRETRIAL MEMORANDUM

The Plaintiff, RICHARD E. CUMMING, moves for permission to file his own pretrial memorandum thirty days following the court's decision on his July 29, 2003 motion for Partial Summary Judgment. This request is made because the Defendant is pro se and Mr. Cummings does not want to subsidize his adversary's lack of familiarity with the substance and form of necessary filings in this case. Given the travails he endured trying to get the 26(f) report filed, the pretrial memorandum will the likely be a logistical and economic disaster.

THE PLAINTIFF

By_____
Christopher G. Winans for
SULLIVAN, BIRAGLIA, WINANS
 & EBERHARD
24 Shelter Rock Road
Danbury, CT 06810
(203)798-1000
Federal Bar No. CT 02254

Motion GRANTED in the absence of opposition.
Gerard L. Goettel, USDJ
8-15-03

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed August 15, 2005 via first class mail to counsel of record as follows:

Christopher Winans

100 Mill Plain Road

P.O. Box 2809

Danbury, Ct. 06813-2809

*Sharon McCarthy Hale*
*984 Racebrook Rd.*
*Woodbridge, Ct. 06525*
*(203) 795-9335*